UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA A. TURNIDGE<br>Plaintiff<br><br>v.<br>OREGON DEPARTMENT OF<br>CORRECTIONS, T.R.C.I.<br>RN. C. DIETER<br>DR. WARREN ROBERTS<br>J. BUGHER<br>AGNP. PATRICK MANEY<br>T.L.C. COMMITTEE, *et, al,*<br>Defendants | Civil Action No. 2:24-cv-569-MO<br><br>Civil Rights Complaint (§§ 1983)<br>Trial by Jury demanded |

## COMPLAINT

Comes now, Joshua A. Turnidge sid# 13673172, Plaintiff Pro Se, who presents the following Civil Rights complaint for compensatory, declatory, and injunctive relief as follows.

## I. INTRODUCTION

1. This action places before the Court a lawsuit involving the administration of the TWO RIVERS CORRECTIONAL INSTITUTION, Hereafter referred to as "T.R.C.I." (a prison facility of the Oregon Department of Corrections, charged with the custody and control of approximately 1800 inmates), and the THERAPUTIC LEVEL OF CARE COMMITTEE (a committee in charge of inmate therapeutic care, i.e. surgeries / medical equipment) (hereafter referred to as "TLC committee").

2. This complaint alleges that adequate medical care has been and is being refused to Plaintiff by Defendants.

## II. PARTIES

**PLAINTIFF;**

3. Joshua a. Turnidge is currently serving a criminal sentence in the custody of the Oregon Department of Corrections. At all times relevant to this action, Plaintiff was housed at T.R.C.I. 82911 beach access Rd Umatilla OR 97882 and the Oregon State Penitentiary 2805 State st Salem Oregon 97310. Plaintiff currently resides at T.R.C.I.

**DEFENDANTS;**

4. DR. Warren Roberts (DR. Roberts) at all times relevant to this action was and is employed by the Oregon Department of Corrections as a medical provider to inmates in the custody of the Oregon Department of Corrections. At all times relevant to this complaint DR. Roberts acted under the color of State law. DR. Roberts is hereby sued in his individual capacity as well as official capacity, jointly, severally, for those acts and omissions described fully below.

5. Defendant J. Bugher at all times relevant to this action, was and is the "assistant Director Health Services" for the Oregon Department of Corrections 3723 Fairview Industrial Drive SE, ste200 Salem OR, 97302, charged with the duty of providing professional medical services to the inmates of the Oregon Department of Corrections. At all times relevant to this complaint, Mr. Bugher acted under the color of State law. He is hereby sued in his individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

6. Defendant C. Dieter "Nurse Manager" T.R.C.I. Oregon Department of Corrections 82911 Beach access Rd, Umatilla OR, 97882, charged with the duty of providing professional

medical care to the inmates housed at T.R.C.I. At all times relevant to this complaint RN. Dieter acted under the color of State law. RN. Dieter is here by sued in her individual as well as official capacity, jointly and severally, for those acts and omissions described fully below

7. Defendant NPR. Patrick Manney "medical provider" T.R.C.I. Oregon Department of Corrections, 82911 Beach access Rd, Umatilla OR, 97882, charged with the duty of providing professional medical care to the inmates housed at T.R.C.I. At all times relevant to this complaint NP. Manney acted under the color of State law. NP. Manney is hereby sued in his individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

8. Defendants *all* members of the Oregon Department of Corrections Therapeutic Level of Care Committee, hereafter referred to as (T.L.C. Committee), DR. Leland Beamer, Michelle Davies, Kelly Drollinger, DR. Evans, Meying, Peh, DR. Bristol, Bailey, White, DR. Dornbush, Pinkham, charged with the evaluation of and the treatment implementation for inmates incarcerated within the Oregon Department of Corrections facilities. At all times relevant to this complaint the T.L.C. Committee acted under the color of State law. They are hereby sued in their individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

### III. JURISDICTION

9. Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C. § 1983, to redress the depravation of those rights secured by The United States Constitution, deprived by persons acting under the color of State law. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343.

10. Plaintiffs claim for injunctive relief is authorized pursuant to 28 U.S.C. § 1651

11. The United States District Court for the district of Oregon, in the County of Umatilla, City of Umatilla, is the proper venue for trial pursuant to 28 U.S.C. § 1391 (b) (2): The County of Umatilla is where the events in this complaint took place.

## IV. PREVIOUS LAWSUITS

12. Plaintiff has never before filed a Federal civil suit, nor has there been previous litigation regarding any of the issues described within this complaint.

## V. STATEMENT OF FACTS

13. Plaintiff was discharged from KADLEC REGIONAL MEDICAL CENTER on 4-30-2021 after DR. Melvin Wahl conducted a successful surgical procedure including (left L4-L5 Hemilaminectomy for excision of herniated disc/ foraminotomy, lumbar). During the post-surgical follow-up appointment DR. Melvin Wahl informed Plaintiff of the possible need for further surgical intervention in order to address Plaintiffs (degenerative disc disease).

14. Plaintiff was briefed by DR. Wahl on what to expect as his (degenerative disc disease progressed). The expected deterioration of Plaintiffs L4-L5 has matched DR. Wahl's predictions.

15. Petitioner began his attempts to finish the procedure (disc replacement L4-L5) shortly after the post-surgical appointment with DR. Wahl, Petitioner started this process through sending inmate communication forms informing T.R.C.I medical staff of plaintiffs severe and debilitating pain in his lower lumbar. [Exhibit 0001 / 0017]

16. Plaintiff requested access to pain relieving measures. [Exhibit 0001 / 0017]

17. Plaintiff pain level has been steadily escalating and becoming virtually intolerable.

18. Defendants have to date denied access to a therapeutic inversion table, a back brace [Exhibit 0016 / 0017], a medical grade mattress [Exhibit 0022], meaningful pain-relieving medications, and a second neurosurgical consultation [exhibit0021].

19. Defendants did authorize the possession and usage of a (hot pack) for pain mitigation. [Exhibit 0006]

20. Defendants were and are aware of previous medical issues concerning Plaintiffs lower lumbar [exhibit 0023-0024]. Defendants diagnosed and authorized a surgical procedure to correct (lumbar radiculopathy), (lumbar disc herniation with radiculopathy). DR. Melvin Wahl conducted a successful surgical procedure including (left L4-L5 Hemilaminectomy for excision of herniated disc/ foraminotomy, lumbar), on April 30th 2021 at Kadlec Regional Medical Center, 888 Swift BLVD, Richland WA, 99352-3514. [0025-1/72] through [Exhibit 0025-72/72]

21. Defendants are aware through the post-surgical report supplied by Kadlec Regional Medical Center of the possible need for further surgical intervention. [Exhibit 0025]

22. Defendants have been and are aware that Plaintiff suffers from severe degeneration of lumbar discs L4-L5, S1. [Exhibit 0024] [exhibit 0025]

23. Defendants are aware the degenerative discs L4-L5 were not operated on and continue to cause Plaintiff to exist in a constant state of pain. [Exhibit 0025]

24. Defendants approved a second MRI and transported Plaintiff to Good Shepard Hospital 610 NW 11th st, Hermiston OR, 97838 on February 23rd 2024.

25. Defendant, NPR. Patrick Manney relayed the results of the MRI conducted on 02-23-2024 to Plaintiff on 03-04-2024. NPR Manney told Plaintiff that the previously diagnosed degenerative disc disease had progressed from L4-L5 into S1, along with the further deterioration of L4-L5.

26. Defendant NPR Patrick Manney presented the MRI results from the imaging conducted on 02-23-2024 to the T.L.C. committee. On 03-05-2024 the T.L.C. committee denied NPR Manney's proposal to have Plaintiff scheduled to consult with a neurosurgeon to address Petitioners worsening lumbar disease. [Exhibit 0021]

27. Defendants T.L.C. committee recommended on 03-05-2024, Petitioner undergo another "X-Ray" after having one done on 07-05-2023. [Exhibit 0022]

28. Defendants intentional inaction concerning Petitioners ongoing degenerative disc disease has caused and continues to cause great physical harm and suffering, along with the mental trauma and severe depression. [Exhibit 0021]

29. Plaintiff has been left to fend for himself and is virtually bed bound after small amounts of activity.

30. Defendants refusal to provide Petitioner with the community standard of care for the non-diminumes injury of severe lumbar degeneration has caused pain to such a degree as to cause nausea, lack of sleep and the loss of ability to participate in regular exercise.

31. Petitioner has gained weight due to the lack of exercise.

32. Petitioner is suffering from high blood pressure due to his weight gain.

33. Plaintiff has suffered losses of working opportunities, advancements, and opportunities to earn a higher wage.

34. Plaintiffs constant state of pain has caused depression and emotional distress to such a degree it became necessary to seek help from T.R.C.I.'s Behavioral Health Services; hereafter referred to as (BHS); and has been prescribed medications to mitigate the effects of pain related depression.

35. Defendants deliberate indifference to Plaintiff's non-diminumes lumbar disease did cause pain to such a degree as to have affected Petitioner's ability to fully participate in the

preparation of and the presentation of his (Post Conviction Relief) briefing and trial.

36. Plaintiff sought relief through the use of Oregon Department of Corrections communication forms to T.R.C.I. medical / Defendants. [Exhibit 0001 / 0017]

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. Plaintiff has timely exhausted all available remedies prior to filing this complaint. [Exhibit 0018-A, 0019-A, 0020-A]

## VII. CAUSE OF ACTION

### CLAIM 1 DELIBERATE INDIFFERENCE

38. Defendants MD. Warren Roberts, Assistant Director Health Services J. Bugher, T.R.C.I. Nurse Manager RN. C. Dieter, NPR. Patrick Manney, all members Therapeutic Level of Care committee, were aware of Plaintiff's serious medical need for meaningful pain relief and or surgical intervention. Defendants were deliberately indifferent to Plaintiff's medical needs by persisting in an ineffective course of pharmaceutical, therapeutic, or surgical treatment. These acts by the Defendants are in violation of Plaintiff's 8th amendment rights and fall outside the professional community standards of care.

39. Defendants deliberate indifference to Plaintiffs non-diminumes serious medical need has caused Plaintiff unnecessary pain and suffering in violation of the Constitutional Eighth Amendment prohibition against cruel and unusual punishment.

### CLAIM 2 NEGLIGENCE

40. Defendants were / are negligent in providing care to Plaintiff as follows;
    a. By withholding medically necessary treatment, and failing to provide medically and Constitutionally adequate treatment for Plaintiff's long-term lumbar disc disease;

    b. By refusing to provide follow up and treatment recommended by Petitioners Provider, AGNP. Patrick Maney with no basis for refusal.

    c. In failing to provide medically necessary treatment in a timely manner, in order to prevent unnecessary suffering and life long damage and deterioration as a consequence

41. Defendants knew or should have known that failing to provide Constitutionally adequate medical treatment for Petitioners diagnosed degenerative lumbar condition or to provide effective pain mitigation treatments would result in Plaintiff's suffering severe physical harm, mental trauma and suffering.

42. Defendants failed to use reasonable care in providing medical care to Petitioner as detailed above. Defendants conduct was negligent.

43. Defendants owe Petitioner a higher standard of care due to the nature of incarceration. As a ward of the State, Defendants manage all aspects of Plaintiff's health care, and decide when a request for intervention should be granted. Had Petitioner been a free person, he would have sought treatment immediately and had the community standard of care rendered. However, as an incarcerated person, when Petitioner sought treatment, his please for treatment were unmet. Defendants voluntarily took custody of Plaintiff under circumstances such as to deprive Plaintiff of normal opportunities, and created a non-delegable duty to ensure that Plaintiff was able to access adequate medical care while in Defendants custody. Defendants have not met their obligation to provide "healthcare, including medical, dental, mental healthcare and pharmacy services, that complies with appropriate professional community standards of care. [OAR 291-124-0016(1)(c).

44. Defendants conduct was unreasonable in light of the risk of harm to Plaintiff. Defendants control all aspects of Plaintiff's medical care. Plaintiff's (degenerative disc disease) could

have and can be surgically repaired with a couple of surgical options as laid out per DR. Wahl or Defendants could have provided effective pain mitigating pharmaceutical treatment along with access to medical grade therapeutic equipment such as an inversion table, back brace, medical grade mattress. Instead, Defendants unreasonably disregarded Plaintiff's please for medical assistance concerning his debilitating back pain and ignored a serious medical issue

45. As a consequence of Defendants negligence, Plaintiff has suffered and continues to suffer physical harm and severe physical and mental pain and suffering. Defendants failure to treat Plaintiff's (degenerative disc disease) has resulted in permanent damage to Plaintiff's overall health. Plaintiff will in all likelihood require further treatment as a result of Defendants negligence, and may suffer long-term physical deterioration.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter an order:

46. Issuing Declaratory relief, declaring that the acts and omissions of the Defendants have violated Plaintiffs rights, and stating the Defendants duties with respect to those rights.

47. Issuing Injunctive relief, commanding the Defendants to (1) provide Plaintiff with adequate pain medication, use of therapeutic equipment, a medical grade back brace, a medical grade mattress, and to (2) provide for or otherwise facilitate the reconstructive lumbar surgery necessary to remedy Plaintiff's medical condition;

48. Awarding Plaintiff Compensatory damages for the unnecessary deterioration of his physical and mental health and consequential pain and suffering, in an amount as yet to be deduced from the evidence.; and

49. Any relief this Court may deem just and proper.

50. Trial by Jury is hereby demanded on all claims herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38(a)-(c).

## IX. VERIFICATION

51. Pursuant to 28 U.S.C. § 1746, I, Joshua A. Turnidge, declare and verify, under the penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true to the best of my knowledge and ability.

_____
Signature
Joshua A. Turnidge

Date  03-04-2024